.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALERIO CASTRO RICARDO, <br><br> Petitioner, <br><br> v. <br><br> ICE FIELD OFFICE DIRECTOR, <br><br> Respondent. | No. 2:26-CV-01195-SAB <br><br><br> **ORDER ON PETITION FOR** <br><br> **WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is representing himself in the matter. Respondent is represented by Kristin B. Johnson. Having reviewed the petition, Respondent's return (ECF No. 5), and the relevant record, the Court **grants** Petitioner's petiton.[1]

On September 12, 2019, Petitioner applied for admission to the United States at the San Ysidro, California, Port of Entry. On September 14, 2019, U.S. Customs and Border Protection served Petitioner with a Notice to Appear charging him with removability pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) (entry without valid documents).[2]

---

[1] Petitioner uses what appears to be a standardized form for his petition.

[2] Petitioner indicates he is charged with "212a6Ai" which the Court construes to reference 8 U.S.C. § 1182(a)(6)(A)(i) (Alien present without admission or parole).

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 1**

On September 15, 2019, Petitioner was released and paroled pursuant to 8 C.F.R. 212.5, with instructions to report to the ICE Enforcement and Removal Office (ERO) for enrollment in ICE's Alternatives to Detention (ATD) program. Respondent asserts that, between September 11, 2024, and August 19, 2025, Petitioner violated ATD conditions eighteen times.[3]

On November 12, 2025, Petitioner presented himself to ERO in Wenatchee, Washington, and was taken into ICE custody due to the ATD violations. Petitioner was transferred to the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Respondent indicates Petitioner is detained pursuant to 8 U.S.C. 1225(b)(1).

On February 10, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Mexico and denied his Application for Asylum and Withholding of Removal under the Convention Against Torture. Petitioner then appealed the IJ's order of removal to the Board of Immigration Appeals (BIA) on February 25, 2026. The appeal remains pending.

On March 13, 2026, Petitioner filed a Bond Redetermination Request with the Executive Office of Immigration Review (EOIR). On March 23, 2026, an IJ ruled that the Immigration Court lacks jurisdiction to order bond because Petitioner is subject to mandatory detention as an arriving alien under 8 U.S.C. § 1225(b). The IJ further found that, in the alternative, if the court had jurisdiction, the IJ would deny bond as Petitioner is a flight risk.

Petitioner requests the Court grant a bond review and to release him upon conditions.

//

---

[3] Respondent fails to explain what these 18 ATD violations entailed, and does not indicate whether Petitioner received a hearing on these violations prior to his re-detention.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 2**

Respondent asserts the petition should be denied because: (1) Petitioner is subject to mandatory detention during his removal proceedings pursuant to 8 U.S.C. 1225(b); (2) Petitioner is not entitled to bond because he is subject to mandatory detention as an arriving alien under 8 U.S.C. § 1225(b); and (3) Petitioner's mandatory detention has not become prolonged such that a court-ordered bond hearing is required.

Writs of habeas corpus may be granted by a district court within its respective jurisdiction. 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief – more specifically, that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Fifth Amendment guarantee of due process applies in deportation proceedings and protects noncitizens subject to final orders of deportation. *Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001).

Individuals detained pursuant to 8 U.S.C. § 1225(b) are subject to mandatory detention. *Rodriguez Vazquez v. Bostock*, 779 F. Supp. 2d 1239, 1244 (W.D. Wash. 2025). However, prolonged mandatory detention pending removal proceedings without a bond hearing will, at some point, violate the right to due process. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019).

Courts in this district apply a six-factor test to determine whether prolonged mandatory detention violates due process: (1) the total length of detention, (2) the likely duration of future detention, (3) the conditions of detention, (4) delays in the removal proceedings caused by the detainee, (5) delays in the removal proceedings caused by the government, and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda*, 385 F. Supp. 3d at 1106.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 3**

## 1.    Length of Detention

Petitioner has been detained since November 11, 2025. His length of detention is approximately five and a half months. The Supreme Court has indicated six months is a presumptively reasonable length of detention for civil immigration cases. *Zadvydas*, 533 U.S. at 701. This six-month presumption does not mean that every noncitizen not removed must be released after six months, the court reasoned that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

As petitioner is close to the six-month threshold, and there is no evidence that Petitioner is likely to be released in the reasonably foreseeable future, this factor weighs in favor of Petitioner.

## 2.    Likely Duration of Future Detention

Petitioner has been ordered removed and is awaiting determination of his appeal by the BIA prior to his removal order becoming administratively final. In the absence of judicial intervention, the appeals process available to Petitioner may take up to two years or longer. *See Banda*, 385 F. Supp. 3d at 1119.

As petitioner filed an appeal with the BIA on February 25, 2026, he faces possible detention of over two years. Accordingly, this factor weighs in favor of Petitioner.

## 3.    Conditions of Detention

Respondent asserts there is no evidence in the record that Petitioner's conditions are meaningfully different from those faced by other civil immigration detainees or so restrictive as to render his detention punitive. The Court notes that other courts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness. *See e.g.*, *Toktosunov v. Wamsley*, No. C25-1724, 2025 WL 3492858, at *5 (W.D. Wash. Dec. 5, 2025).

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 4**

Although Petitioner does not include any assertions regarding the conditions of his confinement in his petition,[4] the Court concludes this factor weighs in favor of Petitioner, as there is nothing in the record to suggest that Petitioner's detention conditions are different from other detainees at NWIPC.

**4.        Delays in Removal Proceedings Caused by the Detainee**

There is no evidence in the record that Petitioner has contributed to any delays in his removal proceedings. Accordingly, this factor is neutral.

**5.        Delays in Removal Proceedings Caused by the Government**

There is no evidence in the record that the Government has contributed to any delays in Petitioner's removal proceedings. Accordingly, this factor is neutral.

**6.        Likelihood that the Removal Proceedings will Result in a Final Order of Removal**

This factor considers the ultimate disposition of Petitioner's removal proceedings. *See Banda*, 385 F. Supp. 3d at 1120. The outcome of Petitioner's appeal to the BIA is unknown. Accordingly, this factor is neutral.

**7.        Weighing the Factors**

The first three factors weigh in favor of Petitioner, and the final three factors are neutral. Under these circumstances, the Court finds that the *Banda* factors support a finding that Petitioner's detention is unlawful and he is entitled to habeas relief.

Accordingly, **IT IS HEREBY ORDERED:**

1.        Petitioner's ongoing and prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment to the United States Constitution. The Court directs the Government to hold a bond hearing within seven (7) calendar days of the entry of

---

[4] The petition form used by Petitioner does not include a section to describe the conditions of detention.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS * 5**

this Order.

      a.     The bond hearing shall comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011) – there must be a contemporaneous record of the hearing, and the Government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community;

      b.     The IJ shall allow Petitioner to present evidence of financial circumstances or alternative conditions of release that would mitigate any potential dangerousness or risk of flight;

      c.     Or, in the alternative, the Government shall immediately release petitioner under appropriate conditions of release.

**DATED** this 30th day of April 2026.

_____
Stanley A. Bastian
United States District Judge

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS \* 6**