UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VALERIO CASTRO RICARDO, <br><br> Petitioner, <br><br> v. <br><br> ICE FIELD OFFICE DIRECTOR, <br><br> Respondent. | No. 2:26-CV-01195-SAB <br><br> **ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE** |

Before the Court is Petitioner's Motion for Enforcement, ECF No. 8. Petitioner is representing himself in the matter. Respondent is represented by Kristen B. Johnson.

On September 12, 2019, Petitioner applied for admission to the United States at the San Ysidro, California, Port of Entry. On September 14, 2019, U.S. Customs and Border Protection served Petitioner with a Notice to Appear charging him with removability pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) (entry without valid documents).

On September 15, 2019, Petitioner was released and paroled pursuant to 8 C.F.R. 212.5, with instructions to report to the ICE Enforcement and Removal Office (ERO) for enrollment in ICE's Alternatives to Detention (ATD) program.

**ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE * 1**

Respondent asserts that, between September 11, 2024, and August 19, 2025, Petitioner violated his ATD conditions eighteen times.

On November 12, 2025, Petitioner presented himself to ERO in Wenatchee, Washington, and was taken into ICE custody due to the ATD violations. Petitioner was transferred to the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, where he remains. Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1).

On February 10, 2026, an Immigration Judge (IJ) ordered Petitioner removed to Mexico and denied his Application for Asylum and Withholding of Removal under the Convention Against Torture. Petitioner then appealed the IJ's order of removal to the Board of Immigration Appeals (BIA) on February 25, 2026. The appeal remains pending.

On March 13, 2026, Petitioner filed a Bond Redetermination Request with the Executive Office of Immigration Review (EOIR). On March 23, 2026, an IJ ruled that the Immigration Court lacks jurisdiction to order bond because Petitioner is subject to mandatory detention as an arriving alien under 8 U.S.C. § 1225(b). The IJ further found that, in the alternative, if the court had jurisdiction, the IJ would deny bond as Petitioner is a flight risk.

Petitioner filed a Petition for Writ of Habeas Corpus, which was granted on April 30, 2026. This Court found that Petitioner's detention violated due process, as Petitioner's detention had become prolonged, his detention could possibly last for over two years, and there were concerns over the conditions of his detention. The Court ordered the Government to hold a bond hearing. Respondents were directed to show by clear and convincing evidence that Petitioner is a danger to the community and/or poses a risk of flight. Further, the bond hearing must comport with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and Petitioner must be allowed to present evidence of financial circumstances or alternative conditions of release that would mitigate any

**ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE * 2**

dangerousness or risk of flight.

A bond hearing was held on May 4, 2026. At the hearing, the Government noted Petitioner does not have a criminal history but has extensive immigration history: Petitioner entered the U.S. after he voluntarily returned to Mexico, Petitioner was ordered removed in 2011, Petitioner paid a smuggler between $1,000 and $3,000 to enter the United States, and Petitioner was again ordered removed on February 10, 2026.

In support of his bond hearing, Petitioner provided the IJ with the following information: Petitioner has resided in Washington with his wife and five children since 2019, three of his children are U.S. citizens, he has a valid work permit that expires in 2029, he always showed up for immigration court proceedings, and he has an immigration hearing scheduled for November 19, 2029, and he voluntarily presented himself to ICE in November 2025.

The IJ ultimately denied Petitioner's request for release, finding that the Government met its burden and established that petitioner was a flight risk by clear and convincing evidence, based on his immigration history. The IJ acknowledged that Petitioner is a beloved member of his family, a good dad, and a hard worker. There is nothing in the transcript that indicates the IJ weighed the evidence presented by Petitioner against the Government's evidence of his immigration history, nor did the IJ consider any conditions of release that would mitigate any risk of flight.

Petitioner now requests the Court order his immediate release, as he believes the bond hearing was insufficient and failed to comport with due process.

Respondents assert that Petitioner should not be released, as he has failed to exhaust administrative remedies and the IJ did not abuse his discretion, as the Government established by clear and convincing evidence that Petitioner is a flight risk.

The Court has jurisdiction to review IJ custody determinations for legal

**ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE * 3**

error, including whether an IJ's bond decision was arbitrary, applied the wrong legal standard, or violated due process. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). The habeas court's review of an IJ's determination of flight risk is for abuse of discretion. *Id*. at 784-85. When conducting such a review, the court may only determine whether the IJ applied the correct legal standard, not reweigh the evidence. *Id*. District courts look to whether the IJ explained their reasoning and conclusions, finding that IJs abused their discretion where no reasoned connection was drawn between the IJ's factual findings and determination of flight risk. *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *5 (W.D. Wash. Apr. 10, 2026). Due process requires a meaningful and individualized bond determination, including a reasoned decision based on the evidence presented and a contemporaneous record sufficient for review. *Singh*, 638 F.3d at 1203-04.

Exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001). However, some Courts require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before pursuing habeas relief. *Id*. In evaluating whether to require administrative exhaustion prior to seeking review by an Article III court, a court must consider: (1) whether agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) whether administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Exceptions to this exhaustion requirement include "situations… where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *S.E.C. v. G.C. George Sec., Inc.*, 637

**ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE * 4**

F.2d 685, 688 n.4 (9th Cir. 1981). The exhaustion requirement is also waived when a petitioner challenges issues other than the BIA's ruling on removability. *Laing v. Ashcroft*, 370 F.3d 994, 1001 (9th Cir. 2004).

Petitioner asserts the IJ's bond denial was constitutionally deficient as the IJ failed to meaningfully consider evidence presented by Petitioner. Immigration judges may consider the following factors in making bond determinations: (1) whether the noncitizen has a fixed address in the United States; (2) the noncitizen's length of residence in the United States; (3) the noncitizen's family ties in the United States, and whether they may entitle the noncitizen to reside permanently in the United States in the future; (4) the noncitizen's employment history; (5) the noncitizen's record of appearance in court; (6) the noncitizen's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the noncitizen's history of immigration violations; (8) any attempts by the noncitizen to flee prosecution or otherwise escape from authorities; and (9) the noncitizen's manner of entry into the United States. *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

The Court has jurisdiction over this matter, as Petitioner is challenging the constitutionality of the bond hearing. Further, as this is a constitutional question that the BIA is not capable of resolving, Petitioner is not required to exhaust his administrative remedies.

At the bond hearing, the Government asserted Petitioner's "extensive" immigration history proves that he is a flight risk by clear and convincing evidence. This extensive history includes several voluntary returns to Mexico. It is unclear to this Court, as the Government's present immigration policy appears to be in favor of non-citizens returning to their home countries, how any risk of flight back to Mexico is of any legitimate concern here. Regardless, the IJ relied on Petitioner's immigration history in concluding that he is a flight risk.

Although Petitioner was allowed to present evidence that he asserted

**ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE \* 5**

mitigated any risk of flight, the IJ failed to engage in any discussion of this evidence beyond that it indicated Petitioner is a beloved family member, good father, and hard worker. Nothing in the record indicates the IJ weighed Petitioner's evidence against the evidence provided by the Government, nor did the IJ consider any conditions of release that could reduce any risk of flight. Without weighing the evidence in its entirety or engaging in a meaningful analysis of Petitioner's specific circumstances, the IJ could not have reasonably found that the Government met its burden by clear and convincing evidence. Accordingly, the bond hearing was constitutionally deficient and the IJ abused his discretion in denying bond.

Federal courts have "a fair amount of flexibility" in fashioning specific habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Other courts have ordered immediate release when a petitioner received a constitutionally inadequate bond hearing. *See Soriano*, 2026 WL 969764, at *6; *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583 (W.D. Wash. Jan. 30, 2026) (immediate release is appropriate when there were pervasive due process violations in bond hearing); *Miri v. Bondi*, No. 5:26-CV-00698-MEMF-MAR, 2026 WL 622302 (C.D. Cal. Mar. 5, 2026) (immediate release is appropriate when immigration judge abused discretion in bond hearing).

In light of the length of Petitioner's detention, the likelihood of prolonged future detention, and the constitutional violations that occurred at the bond hearing, the Court finds it appropriate to order Petitioner's immediate release.

Accordingly, **IT IS ORDERED**:

1.      Petitioner's Motion for Enforcement, ECF No. 8, is **GRANTED**.

2.      **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3.      Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes

**ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE * 6**

statutorily mandated.

4.     At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 1st day of July 2026.


Stanley A. Bastian

United States District Judge

**ORDER GRANTING MOTION FOR ENFORCEMENT; ORDERING PETITIONER'S RELEASE * 7**